IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bryan Joseph Combs,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Sheriff Duane Lewis,<br><br>　　　　　　Defendant. | C/A No.: 0:23-cv-04080-SAL<br><br><br><br>**ORDER** |

　　　　This matter is before the court for review of the October 4, 2023, Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 17.]. In the Report, the magistrate judge recommends the court summarily dismiss this case without prejudice and without issuance and service of process for failure to state a claim upon which relief can be granted. Attached to the Report was a notice advising Combs of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 4. Combs has not filed objections, and the time for doing so has expired.

　　　　The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

1

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Having thoroughly reviewed the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 17, and incorporates the Report by reference herein. This case is thus **DISMISSED WITHOUT PREJUDICE** and **WITHOUT ISSUANCE AND SERVICE OF PROCESS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**[1]

**IT IS SO ORDERED.**

March 15, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[1] Plaintiff is warned that a future court may find that this action constitutes a strike. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *Pitts v. South Carolina*, 65 F.4th 141, 150 (4th Cir. 2023) (explaining that a future court may decide that a prisoner's previous filings constitute "strikes" under § 1915(g)).